IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES NELSON WALKER,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No. 3:11-00107-JPG

MEMORANDUM & ORDER

This matter comes before the Court on Magistrate Judge Clifford Proud's Report and Recommendation ("R & R") (Doc. 31) wherein it was recommended Plaintiff James Walker's appeal of the final decision of the Commissioner of Social Security be denied. After reviewing a Magistrate Judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.*

The Court must review *de novo* the portions of the report to which specific written objections are made. *Id*. "If no objection or only partial objection is made, the district court Judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Walker filed an objection to the R & R (Doc. 32) to which the defendant, Astrue, filed a response (Doc. 33). Walker objects to the Magistrate Judge's conclusion the "mistake of fact" in the record is harmless. He also objects to the credibility determinations of the ALJ and Magistrate Judge.

1

**BACKGROUND**

Walker applied for Disability Insurance Benefits and Supplemental Security Income pursuant to 42 U.S.C. § 405(g) and was denied initially and on reconsideration. He then had a hearing with Administrative Law Judge (ALJ) Thomas Muldoon who denied the application on August 27, 2009. Walker's subsequent request for review was denied by the Appeals Council which rendered the August 27, 2009 decision the final agency decision.

As Walker does not object to the facts as recited by the Magistrate Judge, the Court does not recite them fully again now. Walker was in a car accident in June of 2001, at which time he received surgery on his hip. Walker believed he had a hip replacement but subsequent medical evidence shows he did not have a hip replacement. One week after his discharge, Walker had a follow-up appointment during which he was told he could discontinue use of a leg brace, return to light work, and work on range of motion with his leg. Walker then had an appointment scheduled for August, 23, 2001 but he failed to attend. Walker did not again seek medical care until 2009.

Prior to his accident, Walker worked off and on in different odd jobs, including a machine operator, lawn work, and painting. After his accident, he worked at Popeye's Chicken from February 2003 to March 2004. The evidence about why he left this employment is inconsistent. On one form, he indicated he left because of his medical condition and on another form, he stated he stopped working for reasons other than his medical condition. When asked on the record, he answered, "Well, to be honest, the manager liked me. But I didn't like her. And she fired me because I wouldn't have anything to do with her." He has not worked since March of 2004 but lives with his mother where he dusts, washes dishes, cooks a little, watches television and reads the Bible.

**ANALYSIS**

The Court has reviewed the legal standard used by Magistrate Judge Proud *de novo* and agrees with the standard as discussed in the R&R. The Court thus summarizes the proper standard it will use to determine the correctness of the ALJ's findings below.

I.  Standard

The scope of review for a Court is limited in a social security appeal to ensuring the decision was supported by substantial evidence and was free from mistakes of law. *See Books v. Chater*, 91 F.3d 972 (7th Cir. 1996). The Supreme Court definition of "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richard v. Perales*, 402 U.S. 389, 401 (1971). The Court is to take into account the entire administrative record but not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Brewer*, 103 F.3d at 1390. In spite of this deferential review, it is not a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

In order to determine whether a claimant is disabled, the ALJ must consider (1) whether the claimant is presently employed; (2) whether the claimant has an impairment or combination of impairments that is severe; (3) whether the impairments meet or equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform relevant work; and (5) whether the claimant is capable of performing any work within the economy given his age, education, and work experience. 20 C.F.R. § 404.1520(b-f); *see Schroeter v. Sullivan, 977 F.2d 391 (7th Cir. 1992).* If the commissioner finds the claimant has a severe impairment which renders him unable to perform his past relevant work, the burden shifts

to the Commissioner to show there are significant jobs he is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137 (1987).

II.     Application

After thoroughly reviewing the record and pleadings in this matter, this Court believes the findings of both the Administrative Law Judge and the Magistrate Judge were supported by substantial evidence. Walker contends in his objection, as he did in his complaint that there cannot be substantial evidence because there was a mistake of fact as to the hip replacement. This simply is not true. First of all, as Magistrate Judge Proud stated, "[i]t matters little to the determination of disability whether plaintiff underwent an internal fixation of the fragments or whether the fragments were removed in 2001." (Doc. 31 at 10). This Court agrees. Furthermore, the ALJ did not find that Walker did in fact have a hip replacement (although it was Walker's own testimony). The ALJ stated at one point that Walker had an internal fixation; however, the record is replete with Walker's medical history and reports by doctors which enabled the ALJ to make a decision with substantial evidence. Whether Walker had a hip replacement or not is sufficient to determine whether he is qualified for disability benefits. Rather, the ALJ properly considered the five factors required by 20 C.F.R. § 404.1520 (b-f) and determined that with or without a hip replacement, Walker is not currently disabled as required to receive benefits.

Each of the ALJ's conclusions is properly supported by the record. Walker contends in his objection that Dr. Leung's findings support he is disabled. The Court does not agree. Dr. Leung noted Walker was able to get on and off the examining table. He found Walker was able to walk fifty feet unassisted, tandem walk, toe walk, and squat. He noted that although the right thigh was smaller than the left thigh, the right leg strength was still 4+/5. He also reported Walker said he was able to walk a block unsupported; however, he placed no limitations upon

4

him. The ALJ noted all of these things when coming to his conclusion and Dr. Leung's report provides substantial evidence Walker is not disabled. Contrary to Walker's objection, his complaints are <u>not</u> well supported by Dr. Leung's findings and opinions. Dr. Leung's findings, in conjunction with the reports of Drs. Glover and Gonzales, provide substantial evidence which a reasonable mind would accept as adequate to support the conclusion Walker was not disabled and was able to ambulate. *Richard*, 402 U.S. at 401.

Walker also objects to the credibility determinations made by the ALJ and Magistrate Judge. Credibility findings of an ALJ are to be accorded deference because of the ALJ's opportunity to observe the witness. Credibility findings should be overturned only if they are "patently wrong." *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). The ALJ's credibility assessment "will stand as long as there is some support in the record…" *Berger v. Astrue,* 516 F.3d 539, 546 (7th Cir. 2008)(internal citations omitted). After reading through the administrative record and hearing transcript, the Court does not believe the ALJ's credibility determination was "patently wrong" as required to overturn it. *Power*, 207 F.3d 431. The ALJ also provides reasons for his findings which are supported by the record. As such, the Court will leave it undisturbed.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Doc. 31) and **AFFIRMS** the final decision of the Commissioner of Social Security.

**IT IS SO ORDERED.**
**DATED:** December 8, 2011

s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**